**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Anthony P. Seijas, Esq.
aseijas@cgajlaw.com

Attorneys for Defendants, City of Asbury Park, Chief David Kelso, Captain Jeffrey White, Sergeant Michael Casey, Officer Joel Fiori, Asbury Park Municipal Court Prosecutor, James N. Butler, Jr.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANDY C. THOMPSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF ASBURY PARK; CHIEF DAVID KELSO, in his official capacity as Chief of Police of Asbury Park Police Department, CAPTAIN JEFFREY WHITE, in his official capacity as Captain of the Asbury Park Police Department SERGEANT MICHAEL CASEY, in his official capacity as a Police Officer of Asbury Park Police Department, OFFICER JOEL FIORI, in his official capacity as an Asbury Park Police Officer, JAMES N. BUTLER, JR., in his official capacity as Asbury Park Municipal Court Prosecutor, and JOHN DOE POLICE OFFICERS 1-10, | CIVIL ACTION NO. 3:22-cv-06040<br><br><br>**ANSWER, SEPARATE DEFENSES AND JURY DEMAND** |

| |
|---|
| fictitious individuals, ABC ENTITIES 1-10, fictitious entities,<br><br>                    Defendants. |

The Defendants, City of Asbury Park, Chief David Kelso, Captain Jeffrey White, Sergeant Michael Casey, Officer Joel Fiori, Asbury Park Municipal Court Prosecutor, James N. Butler, Jr., in Answer to the Complaint filed by the Plaintiff, Randy C. Thompson says as follows:

## JURIDICTION

1.   This is a Statement of Law to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

2.   This is a Description of Plaintiff's claims to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

3.   This is a Statement of Law to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

4.   This is a Statement of Law to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

## **PARTIES**

5.   The allegations set forth in paragraph 5 of the Plaintiff's Complaint call for a legal conclusion to which no response is required and therefore Defendants deny same and leaves Plaintiff to his proofs.

6.   Admit that the City of Asbury Park is a governmental entity. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

7.   Admit that Chief David Kelso is the Chief of Police of the Asbury Park Police Department. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

8.   Admit that Captain Jeffrey White is the Captain of the Asbury Park Police Department. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

9. Admit that Sergeant Michael Casey is the Sergeant of the Asbury Park Police Department. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

10. Admit that Joel Fiori is a Police Officer with the Asbury Park Police Department. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

11. Admit that James N. Butler is the Prosecutor for the City of Asbury Park. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

12. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

13. Defendants make no response to the allegations contained in paragraph 13 of Plaintiff's Complaint as these allegations are not directed to Defendants, but insofar as said allegations may be deemed to apply, the same are denied.

## GENERAL FACTUAL ALLEGATIONS

### The Hasani Best Shooting

14. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

15. Admit that Asbury Park Police Officers arrived at the residence of Hasani Best. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies same

16. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

17. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the

truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

18. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

19. Denied as to Plaintiff's characterization of what is contained on the police body camera footage as the police body camera footage speaks for itself.

20. Denied as to Plaintiff's characterization of what is contained on the police body camera footage as the police body camera footage speaks for itself.

21. Denied as to Plaintiff's characterization of what is contained on the police body camera footage as the police body camera footage speaks for itself.

22. Denied as to Plaintiff's characterization of what is contained on the police body camera footage as the police body camera footage speaks for itself.

23. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 23 of Plaintiff's Complaint and therefore denies same and leaves the

Plaintiff to his proofs.

24. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

25. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

26. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

27. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

28. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 28 of

Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

29.   Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

30.   Denied.

31.   Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 30 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

32.   Denied.

33.   Denied.

34.   Admit that Sergeant Casey directed the protestors. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 34 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

35.   Admit that Sergeant Casey lawfully arrested and detained Plaintiff. Denied as to the remainder.

36.   Admit that Defendants were required to use lawful

force on Plaintiff.  Denied as to the remainder.

37.  Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 37 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

38.  The video speaks for itself.

39.  Admit that the Defendants did not speak with Plaintiff at this time and that Defendants were required to use lawful force on Plaintiff. Denied as to Plaintiff's characterization of same.

40.  Admit that Plaintiff was handcuffed. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 40 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

41.  Denied.

42.  Admit.

43.  Denied.

44.  Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 44 of Plaintiff's Complaint and therefore denies same and leaves the

Plaintiff to his proofs.

45. Admit that no other arrests were made. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 45 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

46. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 46 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

47. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 47 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

48. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 48 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

49. The Certification referenced therein speaks for itself. Denied as to the remainder.

50. The motion referenced therein speaks for itself. Denied as to the remainder.

51. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 51 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

52. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 52 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

53. The New Jersey eCourts Municipal Court Case Search speaks for itself. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 53 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

54. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 54 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

55. The New Jersey eCourts Municipal Court Case Search

speaks for itself. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the balance of the allegations contained in paragraph 55 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

56. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 56 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

57. Denied.

## COUNT ONE

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 (Fourth Amendment – Unlawful Detainment & Arrest) (As to Defendants Sergeant Michael Casey, Captain Jeffrey White & Officer Joel Fiori)

58. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

59. This is Plaintiff's characterization of the Constitution and the Constitution speaks for itself anything else including Plaintiff's characterization is denied.

60. This is Plaintiff's characterization of the Constitution and the Constitution speaks for itself anything else including Plaintiff's characterization is denied.

61. This is Plaintiff's characterization of the Constitution and the Constitution speaks for itself anything else including Plaintiff's characterization is denied.

62. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 62 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 67 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

68. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 68 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

69. Denied.

70. Defendants are without sufficient knowledge or

information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 70 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

71. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 71 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

72. This is Plaintiff's characterization of a New Jersey Law. Deny as to Plaintiff's characterization as the law speaks for itself.

73. Denied.

74. Denied.

75. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 75 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

76. Denied.

77. Denied.

78. This is Plaintiff's characterization of a New Jersey Law. Deny as to Plaintiff's characterization as the law speaks for itself.

79.   This is Plaintiff's characterization of a New Jersey Law.  Deny as to Plaintiff's characterization as the law speaks for itself.

80.  Denied.

81.  Denied.

82.  This is Plaintiff's characterization of the Asbury Park Municipal Code. Deny as to Plaintiff's characterization as the code speaks for itself.

83.  This is Plaintiff's characterization of the Asbury Park Municipal Code. Deny as to Plaintiff's characterization as the code speaks for itself.

84.  This is Plaintiff's characterization of the Asbury Park Municipal Code. Deny as to Plaintiff's characterization as the code speaks for itself.

85.  This is Plaintiff's characterization of the Asbury Park Municipal Code. Deny as to Plaintiff's characterization as the code speaks for itself.

86.  This is Plaintiff's characterization of the Asbury Park Municipal Code. Deny as to Plaintiff's characterization as the code speaks for itself.

87.  This is Plaintiff's characterization of the Asbury Park Municipal Code. Deny as to Plaintiff's characterization as the code speaks for itself.

88.  Denied.

89.  Denied.

90.  Denied.

91.  Denied.

## COUNT TWO

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### (Fourth Amendment – Unlawful Search)
### (As to Defendant Sergeant Michael Casey)

92.  Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

93.  Denied.

94.  This is Plaintiff's characterization of the Constitution. Plaintiff's characterization is denied in so far as the Constitution terms speaks for itself.

95.  This is Plaintiff's characterization of the Constitution. Plaintiff's characterization is denied in so far as the Constitution terms speaks for itself.

96.  Denied.

97.  Denied.

## COUNT THREE
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### (Fourth Amendment – Excessive Force)
### (As to Defendants Sergeant Michael Casey, Captain Jeffrey
### White & Officer Joel Fiori)

98.  Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

99. This is Plaintiff's characterization of the Constitution. Plaintiff's characterization is denied in so far as the Constitution terms speaks for itself.

100. Denied.

101. Denied as to Plaintiff's characterization.

102. Denied.

103. Admit that Plaintiff was handcuffed. Deny Plaintiff's characterization as to the remainder.

104. Defendants are without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 104 of Plaintiff's Complaint and therefore denies same and leaves the Plaintiff to his proofs.

105. Denied.

**COUNT FOUR**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**(Fourth Amendment – Failure to Intervene)**
**(As to Defendants Sergeant Michael Casey, Captain Jeffrey White & Officer Joel Fiori)**

106. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

**COUNT FIVE**
**MONELL CLAIM**
**FAILURE TO TRAIN AND SUPERVISE**
**(As to Defendants City of Asbury Park and Chief David Kelso)**

114. Defendants repeat their response to each of the foregoing allegations and incorporates same herein as though set forth at length.

115. This is Plaintiff's characterization of the Constitution. Plaintiff's characterization is denied in so far as the Constitution terms speaks for itself.

116. Denied.

117. Admit that the City of Asbury Park and its Police Chief are responsible for the management of its police officers. Denied as to the remainder.

118. Admit that the City of Asbury Park and its Police Chief are responsible for the management of its police officers. Denied as to the remainder.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. The newspaper article referenced herein speaks for itself.

125. The newspaper article referenced herein speaks for itself.

126. Denied.

127. Denied.

128. Denied.

<u>COUNT SIX</u>
<u>VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983</u>
<u>(Fourth Amendment – Malicious Prosecution)</u>
**(As to Defendants Sergeant Michael Casey & James N. Butler, Jr.)**

129. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

130. This is Plaintiff's characterization of the Constitution. Plaintiff's characterization is denied in so far as the Constitution terms speaks for itself.

131. This is Plaintiff's characterization of the New Jersey Rules of Professional Responsibility. Plaintiff's characterization is denied in so far as the Rules of Professional Responsibility speak for themselves.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## COUNT SEVEN
### REQUEST FOR DECLARATORY RELIEF

138. Defendants repeat their responses to each of the foregoing allegations and incorporates same herein as though set forth at length.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Complaint together with costs of suit, attorney's fees, interest and such other amounts as the Court may deem equitable and just.

## SEPARATE DEFENSES

1.   The Complaint fails to state a claim upon which relief may be granted.

2.   The Complaint is barred by the applicable Statute of Limitations.

3.    The Complaint is barred, in whole or in part, by the doctrine of Election of Remedies.

4.    The Complaint is barred by virtue of the doctrines of waiver, equitable estoppel, collateral estoppel, res judicata, entire controversy and/or laches.

5.    Plaintiff's Complaint is barred by virtue of insufficiency of process and insufficiency of service of process.

6.    Plaintiff's Complaint is barred by virtue of lack of subject-matter jurisdiction.

7.    Plaintiff's Complaint is barred by virtue of lack of personal jurisdiction.

8.    Plaintiff's Complaint is barred by virtue of improper venue.

9.    The Complaint is barred by the doctrine of unclean hands.

10.  Plaintiff failed to exhaust administrative remedies.

11.  Plaintiff failed to mitigate his alleged damages.

12.  Defendants breached no duty or obligation owed to Plaintiff.

13.  Defendants performed each and every duty owed to Plaintiff.

14.  Defendants specifically deny that Plaintiff was injured in any manner by the negligence or carelessness of the

Defendants, and specifically deny that any injuries that Plaintiff may have sustained were proximately caused, either directly or indirectly, by the negligence and carelessness of Defendants in any manner.

15.  Defendants say that any damages suffered by Plaintiff as a result of the circumstances plead in Plaintiff's Complaint were the direct result of Plaintiff's failure to take reasonable action to prevent damages.

16.  The acts and/or injuries complained of in the Complaint were caused and/or contributed to by the acts of third person(s) and/or entities over which Defendants had no control.

17.  Defendants are entitled to a set-off and/or a reduction of any damage award pursuant to N.J.S.A. 2A:15-97, et seq., and N.J.S.A. 2A:15-5.2.

18.  At all times relevant hereto, Defendants complied with all federal, state and local statutes, regulations and/or ordinances in effect.

19.  Plaintiff's claims are barred by virtue of an intervening cause relieving Defendants of responsibility.

20.  Defendants are not liable for punitive damages.

21.  Plaintiff is not entitled to an award of attorney's fees as to any of the statutory claims set forth in the Complaint, as Plaintiff will not be the prevailing party as to these claims.

22. Defendants affirmatively and specifically plead each and every defense, limitation, immunity and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1 *et seq*. and hereby place Plaintiff on notice that each such statutory protection is hereby raised as a separate and affirmative defense throughout every stage of this case.

23. Plaintiff's common law claims and claims for punitive damages are barred by the application of the New Jersey Tort Claims Act, N.J.S.A. 59:1 *et seq*.

24. Plaintiff failed to comply with the Notice of Claims provisions of the New Jersey Tort Claims Act and, as a result thereof, is forever barred from making his common law claims based in tort.

25. Defendants are entitled to qualified and/or absolute immunity.

26. Defendants had probable cause to arrest Plaintiff.

27. Defendants employed reasonable force in effecting Plaintiff's arrest.

28. The Prosecutor is immune from suit due to prosecutorial immunity and having other immunities provided at law.

29. Defendants reserve the right to raise additional separate defenses, the existence of which may arise out of the discovery in this action.

30. Defendants hereby reserve the right to amend this Answer based upon discovery.

### PRAYER FOR RELIEF

Wherefore, the answering Defendants demand that judgment be entered in their favor dismissing any and all claims asserted against them, awarding attorney's fees, interest, cost of suit and any other remedy the Court deems just and appropriate including, but not limited to, attorney's fees afforded to prevailing parties in the Applicable Civil Rights Act.

### DEMAND FOR DAMAGES

Attorney for the Plaintiff is hereby required to furnish the undersigned within five (5) days with a written statement of the amount damages claimed in this action.

### JURY DEMAND

Defendants demand a trial by jury on all issues.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By: _/s/ Anthony P. Seijas_
Anthony P. Seijas, Esq.

## DESIGNATION OF TRIAL ATTORNEY

Anthony P. Seijas, Esq. is hereby designated as trial counsel for Defendants in the within matter.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By: */s/ Anthony P. Seijas*
Anthony P. Seijas, Esq.

Dated: November 22, 2022

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Anthony P. Seijas, Esq., attorneys for Defendants, in accordance with Loc. Civ. R. 11.2, certify, that to the best of my knowledge, the matter in controversy in the above-captioned civil action is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceedings.

Pursuant to 28 U.S.C. §1764(s), I declare under punishment of perjury, that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By: */s/ Anthony P. Seijas*
Anthony P. Seijas, Esq.

Dated: November 22, 2022

## <u>CERTIFICATION OF SERVICE</u>

I, Anthony P. Seijas, Esq., hereby certify that a copy of the within Answer, was e-filed with:

William T. Walsh, Clerk
United States District Court
District of New Jersey
Martin Luther King Jr., Federal Bldg. & US Courthouse
50 Walnut Street, Room 5083
Newark, New Jersey 07102

Attorneys for all other Parties, via e-filing/pacer.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By: _/s/ Anthony P. Seijas_
    Anthony P. Seijas, Esq.

Dated: November 22, 2022