**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANDY C. THOMPSON,<br><br>                              Plaintiff,<br><br>          vs.<br><br>CITY OF ASBURY PARK; CHIEF DAVID KELSO, in his official capacity as Chief of Police of Asbury Park Police Department, CAPTAIN JEFFREY WHITE, in his official capacity as Captain of the Asbury Park Police Department SERGEANT MICHAEL CASEY, in his official capacity as a Police Officer of Asbury Park Police Department, OFFICER JOEL FIORI, in his official capacity as an Asbury Park Police Officer, JAMES N. BUTLER, JR., in his official capacity as Asbury Park Municipal Court Prosecutor, and JOHN DOE POLICE OFFICERS 1-10, fictitious individuals, ABC ENTITIES 1-10, fictitious entities,<br><br>                              Defendants. | CIVIL ACTION NO. 3:22-cv-06040<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a brief description of the case, including the causes of action and defenses asserted:

    **Plaintiff alleges he was involved in a peaceful protest march and fully compliant with police, when he was arrested without cause and assaulted by Asbury Park Police officers exerting an illegal and disproportionate amount of violent physical force, which caused physical, emotional, and reputational injuries, in violation of his 4th Amendment rights.**

**Plaintiff further alleges that he was singled out and targeted by police as a result of his leadership role in the march that was protesting the killing of Hasani Best by Asbury Park Police, in violation of his 1st Amendment rights.**

**Plaintiff further alleges that the October 14, 2020, charges filed against him in relation to this incident are frivolous and have been caused to remain open and unresolved to date, in what amounts to a malicious prosecution in violation of his 4th Amendment and 6th Amendment rights.**

**Defendants deny the allegations and have asserted 28 separate defenses in their Answer.**

2. Have settlement discussions taken place?  Yes __**X**__  No____

    If so, when? **January 13, 2023**

    (a) What was plaintiff's last demand?

       (1) Monetary demand: **$500,000**
       (2) Non-monetary offer _____

    (b) What was defendant's last offer?

       (1) Monetary demand: $_____
       (2) Non-monetary offer: _____

2. The parties [have _____ have not __**X**__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor:

    **The parties are in the process of gathering all materials to be disclosed, and will complete the required exchange prior to the January 30, 2023 conference.**

4. Describe any discovery conducted other than the above disclosures. **None yet.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    **The parties are not aware of any such Motions at this time.**

6. The parties proposed the following:

    (a) Discovery is needed on the following subjects: **liability and damages**

    (b) Should discovery be conducted in phases? **Yes** If so, explain. **Separate fact from expert discovery; giving the parties an opportunity to file for summary judgment before monies are spent on experts.**

    (c) Number of fact; then expert Interrogatories by each party to each other party: **25**

    (d) Number of Depositions to be taken by each party: **15**

    (e) Plaintiff's expert report due on **10/31/23**.

    (f) Defendant's expert report due on **12/31/23**.

    (g) Motions to Amend or to Add Parties to be filed by _____.

    (h) Dispositive motions to be served within **60** days of completion of fact discovery.

    (i) Factual discovery to be completed by **9/30/23**.

    (j) Expert discovery to be completed by **3/31/24**.

    (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **None at this time**.

    (l) A pretrial conference my take place on _____.

    (m) Trial by **jury** or non-jury Trial?

    (n) Trial date:_____.

7. Do you anticipate any discovery problem(s)? _____**No**_____ If so, explain.

8.  Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes_____ No ___**X**____

    If so, explain.

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R 201.1 or otherwise), mediation (pursuant to L.Civ.R 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)

    **This case is not appropriate for arbitration, because Plaintiff's claims are based in part on constitutional violations.**

10. Is this case appropriate for bifurcation?  Yes_____ No **X**

11. We [do____ do not **X**] consent to the trial being conducted by a Magistrate Judge.


Respectfully submitted,


*s/Samuel D. Jackson*_____
Samuel D. Jackson, Esq.
Lento Law Group, P.C.
Attorney for Plaintiff




*s/Anthony P. Seijas*_____
Anthony P. Seijas, Esq.
Cleary, Giacobbe, Alfieri, Jacobs LLC
Counsel for Defendants